N.C.F. ENERGY PARTNERS, BINGHAM PETROLEUM, INC.,
TAX MATTERS PARTNER, PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT·

Docket No. 16553-86.     Filed October 5, 1987.

---

*Robert D. Grossman, Jr.,* and *Donald W. Geerhart,* for the petitioner.

*Henry S. Schneiderman,,* for the respondent.

## OPINION

WILLIAMS, *Judge*: This case is before us on respondent's motion to dismiss for lack of jurisdiction and to strike that portion of the petition that relates to redetermining in this partnership proceeding the additions to tax pursuant to sections 6653(a)(1),[1] 6653(a)(2), 6659, 6661, and 6621(c). In his Notice of Final Partnership Administrative Adjustment (FPAA) issued to petitioner Bingham Petroleum, Inc., tax matters partner of N.C.F. Energy Partners (N.C.F.) on March 4, 1986,[2] the Commissioner determined adjustments to N.C.F.'s partnership returns for its 1982 and 1983 taxable years. The additions to tax are not asserted in the FPAA or the attached schedule of adjustments. They are, however, referred to in the accompanying explanation of items to inform the partners of respondent's intention to assert the additions to tax at the partner level at the

---

[1] All section references are to the Internal Revenue Code of 1986.

[2] The notice of FPAA was not dated but both parties agree that it was mailed to N.C.F. on Mar. 4, 1986.

conclusion of the partnership proceeding. In its petition filed in response to the FPAA on May 29, 1986, petitioner asserts that respondent erred in determining that there would be additions to tax due under sections 6653(a)(1), 6653(a)(2), 6659, 6661, and 6621(c).

On June 15, 1987, respondent filed his motion to dismiss for lack of jurisdiction and to strike alleging that the additions to tax amounts referred to in the petition are "affected items," as defined in section 6231(a)(5), that can only be determined in statutory notices of deficiency issued to the individual partners after the conclusion of the partnership level proceeding. Petitioner filed its notice of objection on August 26, 1987, conceding that the amounts in question concern "affected items" but alleging that Congress intended for all items relating to partnership adjustments to be resolved in a single partnership level proceeding even though the computation of the amounts due from each partner cannot be made at the partnership level. Petitioner contends that adoption of respondent's position will result in unnecessary and duplicative litigation, which is precisely what Congress intended to foreclose by enacting the partnership audit and litigation procedures. Sec. 6221 et seq.

Section 6221 sets forth the general rule that the tax treatment of any partnership item shall be determined at the partnership level. A "partnership item" is any item required to be taken into account for the partnership's taxable year to the extent that the Secretary provides by regulations that "such item is more appropriately determined at the partnership level than at the partner level." Sec. 6231(a)(3). An "affected item" is "any item to the extent such item is affected by a partnership item." Sec. 6231(a)(5); sec. 301.6231(a)(5)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). The additions to tax at issue are all affected items. Sec. 301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs.

In *Maxwell v. Commissioner*, 87 T.C. 783, 792 (1986), we held that because the tax treatment of affected items depends on partnership level determinations, affected items cannot be tried as part of a partner's personal tax case until the completion of the partnership level proceeding. Once the

partnership level proceeding is completed, respondent, in some circumstances, may issue a notice of deficiency to the partner determining additional deficiencies attributable to affected items. Sec. 6230(a).[3] In other cases, a computational adjustment is sufficient to reflect the change in the partner's tax liability as a result of partnership level adjustments. Sec. 6231(a)(6); sec. 301.6231(a)(6)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790, 6791 (Mar. 5, 1987); *Maxwell v. Commissioner, supra.* These procedural differences in treatment of affected items at the partner level arise because there are two types of affected items.

An item may be an affected item solely because of a computational adjustment that cannot be made until the partnership level proceeding is completed. For example, the amount of a medical expense deduction pursuant to section 213(a) depends on the partner's adjusted gross income. The amount of adjusted gross income depends on the partner's share of partnership income or loss. The amount of the medical expense deduction would be, therefore, an affected item. The partnership level proceeding must be completed to compute the partner's adjusted gross income and the amount of the allowable deduction under section 213(a). Respondent, in such a case, need not issue a notice of deficiency to the partner because the deficiency determination is merely computational. *Maxwell v. Commissioner,* 87 T.C. at 792 n. 7.

In contrast, the other type of affected item requires factual determinations to be made at the partner level. For example, a partner will be liable for the addition to tax for negligence pursuant to section 6653(a) if he has an underpayment of tax some part of which is due to negligence. The existence of an underpayment of tax at the partner level cannot be made until the partner's share of distribut-

---

[3]Sec. 6212(c) provides that once respondent has issued a notice of deficiency for a taxable year and the taxpayer has filed a timely petition with this Court, respondent cannot determine any additional deficiencies for that year. In the Tax Reform Act of 1986, Congress amended sec. 6230(a) to permit the issuance of notices of deficiency to individual partners after an FPAA has been issued and the partnership level proceedings have been completed. Pub. L. 99-514, sec. 1875(d)(2)(A), 100 Stat. 2896; see also sec 301.6231(a)(6)-1T(c), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6791. Prior to this amendment, it was doubtful that respondent could issue a notice of deficiency to reflect the tax consequences of the partnership proceeding on affected items.

able items of income, loss, deduction, and credit is determined in the partnership level proceeding. Once the partnership level proceeding ends, however, the factual question of whether any part of the underpayment was due to the partner's negligence must be answered at the partner level. In such instances, unless conceded by the partner, respondent will issue a notice of deficiency for the addition to tax under section 6653(a) to the partner after the completion of the partnership level proceedings. The partner may then file a petition in this Court for redetermination of that deficiency. The prior partnership level proceeding will be res judicata as to the partnership adjustments, and in the subsequent litigation, we will decide only whether some part of the underpayment, if any, was due to negligence.

Petitioner argues first that the additions to tax at issue may be resolved in a single partnership level proceeding because respondent will have only computational adjustments to make after the completion of that proceeding. Petitioner's argument is misplaced. An affected item of the type that requires merely a computational adjustment is not determined as part of the partnership proceeding. *Maxwell v. Commissioner*, 87 T.C. at 792. Because the computational adjustment "properly reflects the treatment of a partnership item" (sec. 6231(a)(6)), any matter that is the subject of a computational adjustment is determined *subsequent* to the completion of the partnership proceeding. If the additions to tax can be determined as a simple computational matter, their determination must await a section 6231(a)(6) computational adjustment.

Petitioner's first argument is also based on the mistaken assumption that all affected items can be resolved through computational adjustments after the completion of the partnership level proceedings. As we have already discussed, resolution of the tax consequences of certain affected items may require additional factual determinations to be made at the partner level. The additions to tax pursuant to sections 6653(a)(1), 6653(a)(2), 6659, 6661, and 6621(c) that are at issue in this case are all affected items of the type that may require findings of fact peculiar to the particular partner.

We have already discussed the reasons for a subsequent proceeding prior to the imposition of the addition to tax for negligence. Section 6659 also may require findings of fact peculiar to the taxpayer, including that the taxpayer is an individual, a closely held corporation, or a personal service corporation, and that the taxpayer's underpayment attributable to the overstatement is at least $1 million. Section 6661 requires a finding, if the transaction is a tax shelter, as to the taxpayer's reasonable beliefs about litigation risks. Section 6621(c)'s applicability also turns on the amount of the taxpayer's underpayment attributable to a tax-motivated transaction.

Petitioner's contention that resolving all issues relating to the partnership in a single proceeding effectuates Congress' intent is also erroneous. Congress enacted the partnership audit and litigation procedures (sec. 6221 et seq.), to provide a unified proceeding for determination of the tax treatment of items of partnership income, loss, deductions, and credits. H. Rept. 97-760 (Conf.) at 611 (1982), 1982-2 C.B. 668. *Maxwell v. Commissioner*, 87 T.C. at 787. A partnership proceeding is designed to resolve only disputes over the proper treatment of *partnership items*. Sec. 6221. Congress, moreover, recognized the need to preserve this rule by providing separately for determining deficiencies attributable to nonpartnership items or to affected items. Thus, section 6231(b) and (c) identifies those cases in which partnership items are transmuted into nonpartnership items. After becoming nonpartnership items, such items are no longer the subject of the partnership proceeding.

We, therefore, agree with respondent that we lack jurisdiction over the issues relating to affected items raised in the petition. Those issues will be resolved in separate proceedings involving the partners after the partnership level proceeding has been completed either as a matter of computational adjustment or as the subject of subsequent notices of deficiency to the partners pursuant to section 6230(a).

We appreciate petitioner's concern for avoiding repetitive litigation. We doubt, however, that the litigation will be repetitive; it has been organized by statute to avoid chaotic and disparate results. Any future litigation at the partner

level will not be repetitive of the partnership level proceeding. The doctrine of res judicata will apply to preclude the parties from relitigating any issue already resolved in the partnership proceeding, for example, the value or basis of partnership assets. We cannot, of course, take jurisdiction except where the statute mandates it. *Maxwell v. Commissioner*, 87 T.C. at 793.

To reflect the foregoing,

*An appropriate order will be entered.*