J. WALTER ENGLISH and JANET ENGLISH, Petitioners v COMMISSIONER OF INTERNAL REVENUE, Respondent
English v. Commissioner
Docket No. 21373-89
United States Tax Court
T.C. Memo 1990-662; 1990 Tax Ct. Memo LEXIS 737; 60 T.C.M. (CCH) 1601; T.C.M. (RIA) 90662; December 31, 1990, Filed Jay J. Freireich, for the petitioners. Jeffrey I. Rosenberg, Pamela v. Gibson, and Rose E. Gole, for the respondent. TANNEWALD, Judge. TANNEWALD *2263 MEMORANDUM OPINION This case is before us on several motions which will be described later in this opinion and dealt with against the following background. During the taxable years ending December 31, 1984, and December 31, 1985, petitioners were partners in Garfield Residential Real Estate Limited Partnership 2611 (Garfield). By means of a notice of final partnership administrative adjustment (FPAA) for 1984 addressed to "Tax Matters Partner" of Garfield, bearing the date April 11, 1988, stating that it was mailed on that same date and bearing the following notation "CERTIFIED MAIL No. P942 809 629," respondent disallowed losses and a credit for rehabilitation expenditures claimed by Garfield for that year. [1] The record also contains a copy of the certified mailing list of respondent, which bears a postmark stamp dated April 11, 1988, of the U. S. Postal Service in Hartford, Connecticut, and reflects the following entries: P942809630
Tax Matters P
Garfield Res. R.E. LTD P. 2611 Box 452
S. Greenwich, CT 06830
P942809629
TMP
Garfield Res. R.E. LTD P. 2611 Box 452
S Greenwich, Ct 06830
*739 By notices of final partnership administrative adjustment (one for 1984 and one for 1985) both dated May 17, 1988, respondent notified petitioners of the FPAA adjustments. The notices contained the following: "DATE FPAA MAILED TO TAX MATTERS PARTNER: 04-29-88." On or about May 25, 1988, petitioners executed and sent to respondent a Form 870-P for 1984 and 1985 which was received by respondent on June 13, 1988, and which was signed by a representative of respondent on June 16, 1988. The Form 870-P set forth the following: DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS * * * Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect *740 to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned also offers to waive restrictions on the assessment and collection of any deficiency (with interest as provided by law) that would result from making the treatment of partnership items on the return of the undersigned consistent with the treatment of those items on the partnership return as modified by the attached schedule of adjustments: This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect. If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted. The Form 870-P had attached to it a schedule replicated in the appendix to this opinion. On July 12, 1988, a timely petition was filed in respect of the FPAA *741 for 1984 and for 1985 by certain notice partners not including petitioners herein (docket No. 17794-88). On June 12, 1989, respondent issued a deficiency notice to petitioners in which he determined the following: *2264 Additions and
Tax Year
Deficiency
Increased Interest
1984
- 0 -
Sec. 6661 [2]
$ 1,890.50
Sec. 6621(c)
120% of the  adjusted rate
1985
- 0 -
Sec. 6659
$ 454.70
Sec. 6621(c)
120% of the  adjusted rate
On August 31, 1989, petitioners filed their petition disputing all of respondent's determinations in the deficiency notice and seeking a refund of $ 11,178.44 for 1984 and $ 5,881.42 for 1985, which amounts were assessed by respondent following the execution of the Form 870-P. [3]
*742 Respondent has filed two partial motions to dismiss: one on the ground that we do not have jurisdiction over that portion of his determination relating to the increased interest under section 6621(c), and one on the ground that we do not have jurisdiction over petitioners' claim for refund of the amounts assessed as a result of the Form 870-P. Petitioners have filed three motions: (1) a cross-motion to dismiss for lack of jurisdiction as to the increased interest under section 6621(c) on the ground that the Form 870-P did not set forth any claim for such increased interest and that, in any event, assessment of this amount without notice and an opportunity to be heard would unconstitutionally deprive petitioners of their property without due process of law. (2) A motion to dismiss all deficiencies and abate the assessments [4] determined for the calendar years 1984 and 1985 because of misrepresentation, malfeasance, failure of consideration, and mistakes underlying the Form 870-P. *743 (3) A motion to dismiss the deficiencies determined for the year 1984 because the FPAA for that year was issued after the expiration of the statute of limitations. Memoranda in support of their respective motions have been submitted by the parties. In addition and in response to an order of the Court, the parties have also submitted their views as to the following alternative ground for decision: Taking into account the fact that the schedule attached to each settlement agreement bears the heading "Agreement for Partnership Adjustments and Affected Items" (emphasis added) and the fact that the space accompanying the phrase "Additions to the Tax" has been left blank, and assuming that the Court concludes that the settlement agreements are binding on both parties, do those agreements preclude respondent from assessing the additions to tax herein? We deal first with the questions relating to our jurisdiction. Insofar as petitioners seek to have us deal with the assessments of the amounts reflecting the FPAA adjustments, we are without jurisdiction so to do. In a *744 proceeding by an individual partner based upon determinations of his tax liability at the partner level, we have no power to deal with any question relating to the validity of, or defense against any adjustments set forth in, the FPAA, even though the determination against the individual partner is an "affected item," i.e., affected by a partnership item. Such question can only be raised in a petition to this Court against the FPAA. Given the fact that petitioners seek to set aside the FPAA, we are without jurisdiction to dispose of their claims, at least to the extent that they seek abatement of the amounts assessed by respondent in respect of the FPAA adjustments. Sente Investment Club Partnership v. Commissioner, 95 T.C. (Sept. 11, 1990); Woody v. Commissioner, 95 T.C. (August 23, 1990) (in which we held that we have jurisdiction only to the extent that a claim for overpayment resulting from computational adjustments may be joined in a proceeding in this Court disputing affected items over which we have jurisdiction and which relate to the same FPAA). Similarly, we are unable to determine, at least at this time, whether the FPAA for 1984 was timely issued. *745 We deal next with the question of our jurisdiction in respect of respondent's determination of increased interest under section 6621(c). We have recently faced this issue and concluded that we do not have jurisdiction over such a determination. White v. Commissioner, 95 T.C. (August 30, 1990). That decision is controlling herein. See also Odend'hal v. Commissioner, 95 T.C. (Dec. 10, 1990). In light of the foregoing, we are left with issues relating to additions to tax under section 6661 for 1984 and section 6659 for 1985. These *2265 additions to tax constitute "affected items" under section 6231(a) (5) and are within our jurisdiction. White v. Commissioner, supra (sec. 6659); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 745 (1987) (secs. 6659 and 6661). By their motions, petitioners attack the validity of the Form 870-P based on allegations of misrepresentation, mutual mistake, unilateral mistake, and failure of consideration. Insofar as the issues relating to the assessments based on the FPAA adjustments and respondent's determination *746 of increased interest under section 6621(c) are concerned, we are not in a position to consider petitioners' allegations in light of our earlier conclusion herein that we are without jurisdiction over such issues. In respect of those matters over which we have jurisdiction, i.e., the additions to tax under sections 6659 and 6661, petitioners' motions are essentially motions for partial summary judgment. Respondent points out that he has not filed his answer and the pleadings are therefore not closed. He further points out that the grounds asserted by petitioners and the question of the proper interpretation of the Form 870-P raised by the Court constitute affirmative defenses which have not been set forth by petitioners in any pleading. Consequently, respondent contends that the case is not ripe for decision on the issues raised by petitioners' motions and the Court. Under Rule 121(a), such a motion "may be made at any time commencing 30 days after the pleadings are closed." Accordingly, petitioners' motions will be denied without prejudice to renewal after they have filed such amendments *747 to their petition as they see fit, respondent has filed his answer, and petitioners have filed any reply that may be required or deemed appropriate. See also Rule 38. The long and short of the matter is that respondent's partial motions to dismiss for lack of jurisdiction will be granted and petitioners' motions to dismiss will be denied as aforesaid. An appropriate order will be issued. Appendix Department of the Treasury-Internal Revenue Service Agreement for Partnership Adjustments and Affected Items Schedule of Adjustments
Name of Partnership
Tax Year Ended
Garfield Residential Real Estate
Limited Partnership 2611
13-3248113
12-31-1984
12-31-1985 Taxpayer Identifying Number
Detail of Adjustments to Ordinary
Income
a)Disallowance of the partnership loss
$   350,020- $ 2,993,707-
Total Adjustments to Ordinary Income
$   350,020- $ 2,993,707-
Other Adjustments
A. Qualified Rehabilitation Expenditures
(1) Adjustment
$ 3,254,300- (2) As Reported
3,264,300- (3) Corrected
none    B. Tax Preference Items *
(1) Adjustment
(2) As Reported
(3) Corrected
Remarks *748 Additions to the Tax
Footnotes
1. The record contains only the FPAA for 1984, although it is clear that an FPAA was in fact issued for 1985, apparently on the same date and in the same format, with differences only as to amounts.↩
2. All statutory references are to the Internal Revenue Code as amended and in effect for the years in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
3. Respondent asserts in his response to petitioners' motion that the assessed amounts have not been paid.↩
4. We note that the record does not contain copies of any assessments.↩
*. Tax Preference Items reported on the 1984 and 1985 partnership returns are also adjusted to reflect the adjustments to the partnership items listed above and in the following Explanation of Items (886-A).↩