ESTATE OF ALFRED M. RIVES, DECEASED, VIRGINIA RIVES, PAUL PLOURDE, AND RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, CO-EXECUTORS AND VIRGINIA RIVES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Rives v. Commissioner
Docket No. 20062-92
United States Tax Court
T.C. Memo 1993-545; 1993 Tax Ct. Memo LEXIS 561; 66 T.C.M. (CCH) 1387; November 22, 1993, Filed *561 Decision will be entered for respondent. For petitioners: Paul Plourde. For respondent: John Aletta. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined an addition to tax pursuant to section 6661(a) in the amount of $ 1,587 with respect to petitioners' Federal income tax for 1982. At the time of trial counsel for petitioner Virginia Rives moved to amend the petition in order to claim relief under the "innocent spouse" provision of section 6013(e). The Court granted petitioner's motion. Some of the facts were stipulated and are so found. Petitioner Virginia Rives was a resident of Rumford, Rhode Island, at the time the petition herein was filed. Alfred Rives and Virginia Rives filed a timely joint Federal income tax return for 1982. On their 1982 tax return they claimed a loss of $ 67,241 as a result of an investment by Alfred Rives in HRM Partnership (HRM). During 1982 HRM owned *562 interests of 7.524 percent and 11.1001 percent in partnerships known as Shadow MVS-1 Research and Development (Shadow), and Red Carpet Systems R & D (Red Carpet), respectively. The loss of $ 67,241 flowed through HRM to Alfred Rives from losses claimed by Shadow and Red Carpet on their 1982 partnership returns. Alfred Rives died on April 8, 1986. An amended U.S. Individual Income Tax Return was filed on February 6, 1990, reducing the claimed amount of loss from HRM for 1982 to $ 25,000. On April 9, 1990, and May 16, 1990, respondent issued Notices of Final Partnership Administrative Adjustment (FPAA) to the tax matters partners of Shadow and Red Carpet, respectively. Partners other than the tax matters partners filed petitions on behalf of Shadow and Red Carpet on August 3, 1990, and August 20, 1990, respectively. On April 23, 1990, and June 18, 1990, respondent issued Notices of Final Partnership Administrative Adjustment pursuant to section 6223(a) to HRM for the taxable year ending December 31, 1982, concerning the adjustments made to the 1982 partnership returns of Shadow and Red Carpet. On July 22, 1991, the Court entered stipulated decisions for Shadow and Red Carpet *563 disallowing various partnership deductions claimed for the taxable year 1982, and allowing additional settlement losses. Based on the stipulated decisions, the amount of loss flowing to Alfred Rives in 1982 was $ 12,850 rather than $ 25,000, as reported on the 1982 amended tax return. On August 24, 1992, respondent assessed a tax deficiency of $ 6,075 against petitioners for the year 1982, based on the disallowed partnership loss. By notice of deficiency dated August 26, 1992, respondent determined that petitioners were liable for a section 6661(a) addition to tax for 1982. Section 6661(a) provides for an addition to tax in an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if the understatement of income tax for the year exceeds the greater of 10 percent of the correct tax or $ 5,000. Sec. 6661(b)(1)(A). In general, if a taxpayer shows substantial authority for the tax treatment of the item in question, or has adequately disclosed the tax treatment of the item on the return, then the taxpayer *564 may avoid liability for the addition to tax with respect to that item. Sec. 6661(b)(2)(B). If the item in question is attributable to a tax shelter, however, the disclosure exception will not apply, sec. 6661(b)(2)(C)(i)(I), and the substantial authority exception will apply only if there was substantial authority for the treatment of the item on the return and the taxpayer reasonably believed that the treatment of the item was more likely than not the proper tax treatment. Sec. 6661(b)(2)(C)(i)(II); sec. 1.6661-5, Income Tax Regs. Petitioners made no serious effort to show that the provisions of section 6661(a) are inapplicable under the facts of this case. See Rule 142(a). Nor have petitioners offered any persuasive evidence to show that respondent should have exercised the discretion provided to him by section 6661(c) to waive the additions to tax imposed by section 6661(a). Respondent's refusal to grant a waiver is subject to judicial review for abuse of discretion. Mailman v. Commissioner, 91 T.C. 1079, 1082-1084 (1988). Assuming that petitioners did in fact request a waiver under section 6661(c), petitioners have not satisfied their burden *565 of proving that respondent committed an abuse of discretion in determining that no reasonable cause or good faith existed for the understatement in petitioners' 1982 return. Respondent's determination of the section 6661(a) addition to tax will be sustained. Essentially, petitioners make two arguments. Initially, they argue that the present proceeding is barred by the statute of limitations because of the purported inapplicability of the unified audit and litigation procedures of sections 6221-6233 (the so-called TEFRA procedures) to HRM, concerning the losses generated by Shadow and Carpet. The section 6661(a) addition to tax for 1982 determined by respondent in the notice of deficiency is an "affected item" as defined by section 6231(a)(5). N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744-745 (1987). In essence, petitioners seek to challenge the validity of the Notices of Final Partnership Administrative Adjustments issued to HRM in this "affected items" proceeding. They are precluded from doing so. In English v. Commissioner, T.C. Memo. 1990-662, this Court stated: In a proceeding by an individual *566 partner based upon determinations of his tax liability at the partner level, we have no power to deal with any question relating to the validity of, or defense against any adjustments set forth in, the FPAA, even though the determination against the individual partner is an "affected item," i.e., affected by a partnership item. Such question can only be raised in a petition to this court against the FPAA.
The instant case is a proceeding based upon determinations of tax liability made at the partner level. We have no more than limited authority to deal with any question relating to the validity of the FPAA and the notice procedures with respect to Shadow, Red Carpet, or HRM. In any event, petitioners have established no invalidating defect in the notice procedures. The record shows that stipulated decisions for Shadow and Red Carpet disallowing various partnership deduction were entered by this Court on July 22, 1991. The decision of the Court becomes final 90 days after entry of decision. Secs. 7481(a)(1), 7483. Where an FPAA notice is mailed to a tax matters partner and an action is commenced, the applicable period of limitations for assessing any affected item is suspended *567 until one year after the Tax Court decision become final. Sec. 6229(d). Accordingly, the notice of deficiency herein, which was issued by respondent on August 26, 1992, was timely. Alfred and Virginia Rives filed a joint return for the year 1982. The liability of a husband and wife with respect to the tax under such circumstances is joint and several. Sec. 6013(d)(3). It is immaterial that the claimed partnership losses resulted solely from investments made by one spouse. Petitioner Virginia Rives argues that she qualifies as an "innocent spouse" as defined in section 6013(e) and is therefore not liable for the section 6661(a) addition to tax. Section 6013(e), provides that an "innocent spouse" may be relieved of joint and several liability for the tax (including interest, penalties and other amounts) if the following four requirements are met: (1) A joint return has been made for the taxable year at issue; (2) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse; (3) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, of such substantial understatement; and *568 (4) it would be inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement. Sec. 6013(e)(1). [1]
The requirements of section 6013(e) are conjunctive, and the failure to meet any of the requirements prevents a spouse from qualifying for relief under section 6013(e). Here, the deficiency is attributable to disallowed *569 deductions. In order to be relieved from the tax liability resulting from a disallowed deduction, a taxpayer seeking innocent spouse relief must prove that such deduction has no basis in law or fact. Purcell v. Commissioner, 86 T.C. 228, 240 (1986), affd. 826 F.2d 470 (6th Cir. 1987). Petitioner Virginia Rives has presented no other evidence as it pertains to the various deductions which respondent disallowed. Based on the foregoing, we conclude that she has failed to establish that she qualifies for innocent spouse relief within the meaning of section 6013(e). We therefore sustain respondent's determination. Decision will be entered for respondent. Footnotes
1. Prior to 1984, sec. 6013(e) provided relief to a spouse only if the understatement of tax was due to an omission of income attributable to the other spouse. The Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424, 98 Stat. 494, 801-803, amended sec. 6013(e) to expand the scope of section 6013(e) to include deficiencies attributable to any claim of deduction, credit, or basis for which there is no basis in fact or law. Sec. 6013(e). The 1984 amendments were made retroactive to all taxable years to which the Internal Revenue Code of 1954 applies. Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 803.↩