T.C. Memo. 2000-170


UNITED STATES TAX COURT


CRYSTAL BEACH DEVELOPMENT OF DESTIN LTD.,
WATERS EDGE BUILDING COMPANY, TAX MATTERS PARTNER,
Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18413-99.                    Filed May 24, 2000.


R issued a notice of final partnership
administrative adjustment (FPAA) to P, the
partnership's tax matters partner, for the taxable
years 1995 and 1996.  The FPAA was accompanied by an
"Explanation of Affected Items" stating that a penalty
under I.R.C. sec. 6662(a) would be "charged".  P filed
a petition for readjustment contesting adjustments to
partnership items and the accuracy-related penalty
under I.R.C. sec. 6662(a).  R filed a motion to dismiss
for lack of jurisdiction and to strike the portion of
the petition contesting the accuracy-related penalty.

    Held:  The Court lacks jurisdiction to review the
accuracy-related penalty in this partnership-level
proceeding.  See N.C.F. Energy Partners v.
Commissioner, 89 T.C. 741 (1987).  Held, further, the
amendments made by the Taxpayer Relief Act of 1997,
Pub. L. 105-34, sec. 1238(a), 111 Stat. 1026, which
provide that penalties will be determined in
partnership-level proceedings, are effective for

taxable years beginning only after Aug. 7, 1997, and are therefore not applicable to the years before the Court.  <u>Held further</u>, R's motion to dismiss for lack of jurisdiction and to strike will be granted.

<u>David D. Aughtry</u>, for petitioner.

<u>Ronald Buch</u> and <u>William L. Blagg</u>, for respondent.

## MEMORANDUM OPINION

COHEN, <u>Chief Judge</u>:  This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN:  <u>Special Trial Judge</u>:  This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction And To Strike With Respect To Penalties/Additions To Tax. Respondent moves to dismiss for lack of jurisdiction and to strike allegations in the petition pertaining to the accuracy-related penalty under section 6662.  As explained in detail below, we shall grant respondent's motion.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

On September 17, 1999, respondent issued a notice of final partnership administrative adjustment (FPAA) to Crystal Beach Development of Destin, Ltd. (the partnership) setting forth adjustments to the partnership's returns (Forms 1065) for 1995 and 1996. Attached to the FPAA are: (1) A schedule of examination changes which includes a statement that "Penalties or additions to tax under IRC section 6662, which may be applicable at the investor level, are being recommended in the examination of the flow-through entity"; and (2) an "Explanation of Affected Items" which states that "an addition to the tax is charged as provided by Section 6662(a)".

Waters Edge Building Company, the partnership's tax matters partner, filed a timely petition for readjustment with the Court. The petition includes allegations contesting the imposition of the accuracy-related penalty.

As indicated, respondent filed a motion to dismiss for lack of jurisdiction and to strike. Respondent contends that the Court lacks jurisdiction over the accuracy-related penalty in this partnership-level proceeding on the ground that such penalty is an "affected item" that can be reviewed only at the individual partner level. Respondent further contends that allegations pertaining to such penalty should be stricken from the petition for readjustment.

Petitioner filed an objection to respondent's motion arguing that the motion should be denied on the grounds that: (1) Respondent's motion was not timely filed; (2) the FPAA includes an adjustment based on the penalty prescribed in section 6662(a); and (3) section 6221 was amended in 1997 to clarify that additions to tax and penalties are to be determined in partnership-level proceedings.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented oral argument in support of the pending motion. Counsel for petitioner filed a written statement pursuant to Rule 50(c) in lieu of attendance at the hearing.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction may be challenged by either party, or by the Court sua sponte, at any stage of the proceedings. See Smith v. Commissioner, 96 T.C. 10, 13-14 (1991), and cases cited therein. Consistent with this principle, we reject petitioner's assertion that respondent's motion to dismiss and to strike should be denied on the ground that it was not timely filed.

Petitioner further asserts that respondent's motion should be denied because the FPAA included an adjustment "charging" the

penalty prescribed in section 6662(a). We disagree. Although the Court's jurisdiction in a partnership proceeding is contingent on the issuance of a valid FPAA and a timely-filed petition for readjustment, see Transpac Drilling Venture 1982-22 v. Commissioner, 87 T.C. 874 (1986), the FPAA does not define the scope of the Court's jurisdiction. See, e.g., Powell v. Commissioner, 96 T.C. 707, 712-713 (1991). Rather, as previously stated, the Court's jurisdiction is prescribed by statutory provisions, to which we now turn.

The Court's jurisdiction to review adjustments to a partnership return is governed by the unified partnership audit and litigation procedures set forth in sections 6221 through 6234. See Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648. Pursuant to the TEFRA provisions, which apply with respect to all taxable years of a partnership beginning after September 3, 1982, the tax treatment of any partnership item generally is determined in a single proceeding at the partnership level. See Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986); see also sec. 6226(f). Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit. See sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

Partnership items are distinguished from affected items, which are defined in section 6231(a)(5) as any item to the extent such item is affected by a partnership item. See White v. Commissioner, 95 T.C. 209, 211 (1990). The first type of affected item gives rise to a computational adjustment without the necessity of a partner-level proceeding. The computational adjustment is made to record the change in a partner's tax liability resulting from the proper treatment of partnership items. See sec. 6231(a)(6); White v. Commissioner, supra. Once partnership-level proceedings are completed, the Commissioner is permitted to assess a computational adjustment against a partner without issuing a notice of deficiency. See sec. 6230(a)(1); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987); Maxwell v. Commissioner, supra at 792 n.9.

The second type of affected item is one that is dependent on factual determinations to be made at the individual partner level. See N.C.F. Energy Partners v. Commissioner, supra at 744. Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to those affected items that require partner-level determinations. Traditionally, additions to tax for negligence were considered affected items requiring factual determinations at the individual partner level. See N.C.F. Energy Partners v. Commissioner, supra at 745; see sec.

301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).[2]

In N.C.F. Energy Partners v. Commissioner, supra, a case similar in many respects to the case now before the Court, the Commissioner issued an FPAA to N.C.F. Energy Partners (NCF) determining adjustments to NCF's returns for 1982 and 1983. The FPAA was accompanied by an explanation of items which stated that the Commissioner intended to assert additions to tax (including additions to tax for negligence) at the individual partner level. The tax matters partner filed a petition for readjustment on NCF's behalf contesting both adjustments to partnership items and the various additions to tax mentioned in the explanation of items. The Commissioner moved to dismiss for lack of jurisdiction and to strike the allegations in the petition pertaining to additions to tax on the ground that such items constituted affected items that could be resolved only at the

---

[2] In the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721, 103 Stat. 2395, Congress consolidated the additions to tax for negligence and substantial understatement under new sec. 6662 entitled "Imposition of Accuracy-Related Penalty". Although respondent never amended sec. 301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), to include accuracy-related penalties within the definition of the term "affected items", we are satisfied that Congress intended for accuracy-related penalties to be treated similarly to additions to tax; i.e., as affected items. See H. Conf. Rept. 101-386, at 652 (1989).

individual partner level following the completion of partnership-level proceedings.

The Court agreed with the Commissioner that the additions to tax in question were affected items that could not be raised in the partnership-level proceedings.  With regard to additions to tax for negligence, the Court stated in pertinent part:

> a partner will be liable for the addition to tax for negligence pursuant to section 6653(a) if he has an underpayment of tax some part of which is due to negligence.  The existence of an underpayment of tax at the partner level cannot be made until the partner's share of distributable items of income, loss, deduction, and credit is determined in the partnership level proceeding.  Once the partnership level proceeding ends, however, the factual question of whether any part of the underpayment was due to the partner's negligence must be answered at the partner level.

N.C.F. Energy Partners v. Commissioner, supra at 744-745.

However, in the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1238(a), 111 Stat. 1026, Congress amended section 6221 to provide that the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item shall be determined at the partnership level. H. Conf. Rept. 105-220, at 685 (1997), states in pertinent part:

### Present Law

> Partnership items include only items that are required to be taken into account under the income tax subtitle.  Penalties are not partnership items since they are contained in the procedure and administration subtitle.  As a result, penalties may only be asserted against a partner through the application of the

deficiency procedures following the completion of the partnership-level proceeding.

<u>House Bill</u>

The House bill provides that the partnership-level proceeding is to include a determination of the applicability of penalties at the partnership level. However, the provision allows partners to raise any partner-level defenses in a refund forum.

<u>Effective date</u>--The provision is effective for partnership taxable years ending after the date of enactment.

The Taxpayer Relief Act of 1997 was signed into law on August 5, 1997.

In sum, additions to tax for negligence traditionally have been treated as affected items that may be redetermined only in a partner-level proceeding. However, based on changes to the TEFRA partnership provisions enacted as part of the Taxpayer Relief Act of 1997, accuracy-related penalties for negligence will be determined in partnership-level proceedings effective for partnership taxable years ending after August 5, 1997.

Consistent with the preceding discussion, it follows that the Court lacks jurisdiction to review the applicability of the accuracy-related penalty for the taxable years 1995 and 1996 that petitioner has attempted to place in dispute in this case. In so holding, we reject petitioner's contention that the amendments to the TEFRA provisions enacted by the Taxpayer Relief Act of 1997 were intended to clarify existing law. The legislative history

underlying the TEFRA amendments (quoted above) includes a clear description of present law, which states that penalties can only be asserted against a partner through the application of the deficiency procedures following the completion of the partnership-level proceeding. See H. Conf. Rept. 105-220, at 685. Further, Congress unambiguously provided that the TEFRA amendments would apply prospectively only--the amendments are effective for taxable years ending after August 5, 1997--and do not apply to the taxable years in issue. Simply put, petitioner's assertion that Congress enacted the TEFRA amendments described above as a clarification of existing law is incorrect.

In sum, we hold that the Court lacks jurisdiction over the accuracy-related penalty that petitioner has attempted to place in dispute in this partnership-level proceeding. The penalty may be contested at the individual partner level only following the completion of partnership-level proceedings. Accordingly, we shall grant respondent's Motion To Dismiss For Lack Of Jurisdiction And To Strike With Respect To Penalties/Additions To Tax.

To reflect the foregoing,

An order will be issued granting respondent's motion and dismissing that part of this case pertaining to the accuracy-related penalty under section 6662(a).