T.C. Memo. 2010-177


UNITED STATES TAX COURT


MICHAEL V. DOMULEWICZ AND MARY ANN DOMULEWICZ, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

DANIEL J. DESMET AND LINDA K. DESMET, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket Nos. 10434-05, 10436-05.  Filed August 5, 2010.


Ps commenced these TEFRA partner-level cases to
challenge affected items notices of deficiency.  Ps
used a partnership (D), an S corporation (S), U.S.
Treasury notes, and publicly traded stock to create an
artificial "loss" by way of a Son-of-BOSS transaction.
J, a copromoter of the transaction, billed S for J's
legal fees related to the transaction.  S paid and
claimed a deduction for the bill.  A portion of the
deduction passed through to each P, who claimed it as
an ordinary loss on his Federal income tax return.  In
a previous partnership-level proceeding involving D, R
determined as a partnership item that D was a sham

[*]This opinion supplements <u>Domulewicz v. Commissioner</u>,
129 T.C. 11 (2007), affd. in part and remanded sub nom. <u>Desmet v.
Commissioner</u>, 581 F.3d 297 (6th Cir. 2009).

whose existence was disregarded.  That partnership-item determination became final when no partners timely contested it.  Ps dispute that the fees that S paid J are affected items.

Held:  The fees are affected items subject to the deficiency procedures of subch. B of ch. 63, I.R.C., because the disallowance of their deductibility flows from R's partnership-item determination that D was a disregarded sham, but the disallowance of the deduction required a further partner-level determination as to the extent to which the claimed deduction was related to the partnership and to the transaction.


Paul L. B. McKenney, for petitioners.

Meso T. Hammoud, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


LARO, Judge:  These consolidated cases are before this Court on remand from the Court of Appeals for the Sixth Circuit.  See Desmet v. Commissioner, 581 F.3d 297 (6th Cir. 2009), affg. in part and remanding Domulewicz v. Commissioner, 129 T.C. 11 (2007).  The Court of Appeals remanded these cases to this Court to decide "whether the Jenkens & Gilchrist fees [(fees)] were nonpartnership items subject to the statute of limitations in I.R.C. § 6501(a) or whether they were affected items subject to TEFRA".[1]  Id. at 305.  The parties agree that we can decide this

---

[1]Unless otherwise indicated, section and subchapter references are to the applicable versions of the Internal Revenue Code.  TEFRA references are to the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402, 96 Stat.

(continued...)

issue without a trial, on the basis of the evidence in the record and their joint statement of facts. We hold that the fees were affected items subject to the deficiency procedures of subchapter B of chapter 63 (deficiency procedures).

### Background

Michael V. Domulewicz and Daniel J. Desmet (petitioners) implemented a Son-of-BOSS transaction (transaction) promoted by BDO Seidman and Jenkens & Gilchrist. The transaction was designed to create an artifical multimillion dollar "loss" that petitioners could report as an offset to unrelated multimillion dollar gains that petitioners were required to report for 1999. The "loss" was reportedly generated by using a newly formed partnership, a newly formed S corporation, U.S. Treasury notes, and publicly traded stock.

Petitioners formed the S corporation on December 23, 1998, and they formed the partnership on April 30, 1999.[2] Each petitioner's interests in the partnership and in the S corporation were held by his grantor trust (trust). Each trust reported on Form 1041, U.S. Income Tax Return for Estates and

---

[1](...continued)
648, as amended.

[2]The S corporation and the partnership were both passthrough entities that did not pay income taxes themselves but instead passed their income tax attributes on to their owners. A third individual who is not a party to these proceedings also participated in the formation of the entities.

Trusts, that the trust's Federal tax attributes passed through to the grantor. The partnership was dissolved in August 1999 when its partners contributed their partnership interests to the S corporation. For 1999, the partnership reported as to the transaction that the partnership (1) realized a short-term capital loss and (2) was entitled to deduct interest.

Jenkens & Gilchrist billed the S corporation $1,053,400 for legal fees related to the transaction. The S corporation paid that bill in August 1999 and claimed a deduction for the payment on its 1999 Form 1120S, U.S. Income Tax Return for an S Corporation. The S corporation issued each trust a Schedule K-1 (Form 1120S), Shareholder's Share of Income, Credits, Deductions, etc., reporting that the trust's share of the $1,053,400 deduction (in the form of a $1,053,400 ordinary loss) passed through to the trust as a shareholder of the S corporation. Each trust reported on its return that its share of the ordinary loss (which each trust reported as a nonpassive loss) passed through to the petitioner who was the trust's grantor. Each petitioner reported his share of the passthrough nonpassive loss as an ordinary loss on his 1999 Federal income tax return.[3]

---

[3]As to the transaction, the S corporation also reported on its 1999 tax return that it realized an approximately $29.3 million long-term capital loss from the sale of publicly traded stock. The S corporation reported that portions of this loss passed through to each trust, which in turn reported that the item passed through to the petitioner who was the grantor of the
(continued...)

Respondent issued a notice of final partnership administrative adjustment (FPAA) as to the partnership in October 2003. In the FPAA, respondent determined that the partnership was a sham whose existence was disregarded (disregarded sham) and that the partnership therefore was not entitled to claim the short-term capital loss or the interest expense. The FPAA was not timely contested by a partner of the partnership, and the FPAA became final. Respondent then assessed the tax and penalties attributable to the disallowance of the short-term capital loss and the interest expense.

In March 2005, respondent issued to each petitioner an affected items notice of deficiency for 1999 disallowing the passthrough losses from the S corporation (i.e., the long-term capital loss and the ordinary loss) and determining penalties. As stated supra note 3, the parties agree that petitioners may not deduct any of the long-term capital loss. The notices of deficiency stated that the ordinary losses were disallowed because "no deduction is allowed for any legal, accounting,

_____

3(...continued)
trust. Each petitioner reported the passthrough long-term capital loss on his 1999 tax return as an offset to his unrelated multimillion dollar gain. We previously held that this long-term capital loss was an affected item subject to the deficiency procedures, and the Court of Appeals for the Sixth Circuit agreed with us upon appeal. See Domulewicz v. Commissioner, 129 T.C. 11 (2007), affd. on that issue and remanded to decide the issue at hand sub nom. Desmet v. Commissioner, 581 F.3d 297 (6th Cir. 2009). The parties agree that petitioners may not deduct any of the long-term capital loss.

consulting and advisory fees claimed since * * * [petitioners] failed to establish that such expenditures were incurred, and if incurred are deductible under any provision of the Internal Revenue Code, including but not limited to Internal Revenue Code §§ 183 and 212." The parties agree that this determination is correct if the fees are affected items subject to the deficiency procedures.

## Discussion

We decide whether the fees were affected items subject to the deficiency procedures. If the fees were not affected items, then any Federal income tax on the disallowance of their deductibility must be assessed within 3 years of the later of the filing or the due date of petitioners' 1999 Federal income tax returns. See sec. 6501(a). Those periods of limitation appear to have expired. If the fees were affected items, then the period for assessing Federal income tax attributable to the fees would be no shorter than the period prescribed by section 6229(a); i.e., within 3 years of the later of the filing or the due date of the partnership's 1999 Federal tax return. That period, if applicable, was suspended upon respondent's issuance of the FPAA as to the partnership, see sec. 6229(d), and remains suspended until 60 days after the decisions in these cases become final, see sec. 6503(a)(1). The period for assessing tax

attributable to the fees therefore remains open if the fees are affected items.

Petitioners argue that the fees were not affected items (and hence that the applicable limitation periods for assessment have expired pursuant to section 6501(a)). To that end, petitioners assert, the fees were unrelated to the partnership because they were not billed to the partnership, they were not paid by the partnership, and they were not deducted on the partnership return. Respondent argues that the fees were affected items (and hence that the applicable limitation periods for assessment remain open). To that end, respondent asserts, his disallowance of petitioners' passthrough deductions of the fees claimed on their personal returns as ordinary losses is affected by his partnership-level determination that the partnership was a disregarded sham. We agree with respondent.

The TEFRA procedures determine the proper treatment of "partnership items" at the partnership level in a single, unified audit and judicial proceeding. See Domulewicz v. Commissioner, 129 T.C. at 17-18. The term "partnership item" includes any item of income, gain, loss, deduction, or credit that the Secretary has determined is "more appropriately determined at the partnership level than at the partner level." Sec. 6231(a)(3); see also sec. 301.6231(a)(3)-1(a), Proced. & Admin. Regs.

After a partnership-level adjustment has been made to a partnership item in a unified partnership proceeding, a corresponding "computational adjustment" must be made to the tax liability of the partners.  See sec. 6231(a)(6) (defining the term "computational adjustment").  Where an increase in a partner's tax liability is attributable to an "affected item" that flows strictly from a computational adjustment, no notice of deficiency need be sent to the partner, and any error in the computational adjustment must be challenged in a refund suit.  See sec. 6230(c); Domulewicz v. Commissioner, supra at 19; see also sec. 6231(a)(5) (defining "affected item" as "any item to the extent such item is affected by a partnership item"); Maxwell v. Commissioner, 87 T.C. 783, 790-791 (1986) (stating that an "affected item" is "An item whose existence or amount is dependent on any partnership item").  If an increased liability stemming from an affected item requires a factual determination at the partner level, however, the deficiency procedures apply, and the Commissioner must issue an affected items notice of deficiency to the partner in order to assess tax attributable to the affected item.  See sec. 6230(a)(2)(A)(i); Domulewicz v. Commissioner, supra at 19.

In the FPAA, respondent determined that the partnership was a disregarded sham.  Such a determination implicates a partnership item.  See Keener v. United States, 551 F.3d 1358,

1365-1366 (Fed. Cir. 2009); RJT Invs. X v. Commissioner, 491 F.3d 732, 738 (8th Cir. 2007); see also Petaluma FX Partners, LLC v. Commissioner, 591 F.3d 649, 652-654 (D.C. Cir. 2010), affg. on this issue 131 T.C. 84 (2008).  Respondent's partnership-item determination that the partnership was a disregarded sham became final when none of the partners timely contested the determination.  See N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744-745 (1987).

To the extent that the fees were related to the partnership and to the transaction, the fees (and the S corporation's claimed deduction of the fees) were affected by the partnership-item determination in that the fees were nondeductible given the lack of an income, profit, or business-related motive encompassed in, and then flowing from, the partnership-level determination.  See Thomas v. United States, 166 F.3d 825, 831-832 (6th Cir. 1999) (and cases cited threat); cf. Frank Lyon Co. v. United States, 435 U.S. 561, 583-584 (1978) (holding that a transaction characterized as a sham is imbued solely with tax-avoidance features); New Phoenix Sunrise Corp. & Subs. v. Commissioner, 132 T.C. 161, 185-186 (2009) (disallowing a taxpayer's deduction for fees that it paid to Jenkins & Gilchrist to implement a variant of a Son-of-BOSS transaction and to provide a written tax opinion letter, because the transaction lacked economic substance).  In other words, the partnership-level determination

that the partnership was a disregarded sham means that petitioners, as ultimate passthrough owners of both the partnership and the S corporation, and the S corporation, as payee of the fees, lacked as to the transaction (and as to the payment of the fees, which were related thereto) the requisite business-related, profit, or income motive that served as a precondition to deducting the fees under section 162, 183, or 212, respectively, the only statutory provisions that would have permitted such a deduction.  See sec. 162(a) (deductions allowed for ordinary and necessary business expenses); sec. 183(a) and (b) (deductions allowed to the extent of income in the case of an activity not engaged in for profit); sec. 212(1) and (2) (an individual may deduct the ordinary and necessary expenses paid or incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income).  To the extent that the fees were unrelated either to the partnership or to the transaction, the fees were not necessarily items affected by the partnership-item determination that the partnership was a disregarded sham.[4]

Petitioners note that the fees were neither incurred nor deducted by the partnership and argue that the fees were

---

[4]For example, the fees would not be affected items to the extent that the fees related to services provided directly to petitioners or to the S corporation as to matters other than the formation or the conduct of the partnership.

therefore not affected items.  Petitioners rely erroneously upon that fact in seeking their desired result.  The mere fact that the fees were neither incurred nor deducted by the partnership does not necessarily remove the fees from a characterization as affected items.  The fees, to the extent related to the partnership and to the transaction, were affected items because, as discussed above, petitioners were ultimate owners of both the partnership and the S corporation, and the disallowance of the S corporation's deduction of the fees was directly affected by the partnership-level determination that the partnership is a disregarded sham.

The parties essentially ask the Court to decide the characterization of the fees as affected items on an all or nothing basis.[5]  Because the parties agree that all of the fees were related to the transaction, and we find on the record before us that the fees were related to the partnership in that they were paid, at least in part, to form the partnership and to effect the transaction as it related to the partnership, we hold that all of the fees were affected items.

Affected items may be one of two types.  The first type is immediately assessable.  See <u>Domulewicz v. Commissioner</u>, 129 T.C.

---

[5]In this regard, the parties stipulated that respondent's disallowance of petitioners' deductions of the ordinary loss should be sustained in full if the applicable periods of limitation remain open.

at 19.  The second type is assessable only through the deficiency procedures.  Id.  The fees are affected items of the second type in that they required partner-level determinations to ascertain the portion (if not all) of the fees that were nondeductible in that that portion related to the partnership and to the transaction.  See sec. 6230(a)(2)(A)(i) (providing that the deficiency procedures apply to any deficiency attributable to "affected items which require partner level determinations (other than penalties, additions to tax, and additional amounts that relate to adjustments to partnership items)").

Petitioners, through the trusts, were both the ultimate partners of the partnership and the ultimate shareholders of the S corporation.  The partnership's 1999 Federal tax return, however, did not reveal that the partnership and the S corporation were commonly owned or that those two entities were integral parts of the Son-of-BOSS transaction underlying the S corporation's payment of the fees.  Nor did the partnership's tax return indicate that petitioners were indirect owners of the S corporation.  The relationship between the partnership, on the one hand, and the fees, the S corporation, and petitioners, on the other hand, could not readily have been ascertained at the partnership level but had to be ascertained in a partner-level proceeding based on the relevant facts concerning petitioners and the S corporation, and the relationship between them.  A

partner-level determination also was required to ascertain the amount of the fees deducted on the S corporation's return that related to the transaction and to ascertain that the nonpassive losses reported on the returns of the trusts and the ordinary losses deducted on petitioners' returns derived from the deduction of the fees on the S corporation's return.

In sum, we hold that all of the fees were affected items subject to the deficiency procedures. The parties agree that a holding to that effect requires entry of decisions for respondent. Thus, we shall reenter the stipulated decisions that upheld respondent's disallowance of the fees and were appealed to the Court of Appeals for the Sixth Circuit. We have considered all of the parties' arguments, and we have found it unnecessary to reach those arguments not discussed herein or have otherwise rejected those arguments as without merit. Accordingly,

Appropriate orders and decisions will be entered.