SENTE INVESTMENT CLUB PARTNERSHIP OF UTAH, WARREN ROY TOLSEN, TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 21056-87.      Filed September 11, 1990.

*Peter H. Waldo,* for the petitioner.[1]

*William A. Heard, III,* and *R. Alan Lockyear,* for the respondent.

## OPINION

RUWE, *Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code.[2] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike and petitioner's motion to strike answer. The issues for decision are (1) whether this case

---

[1]By order dated Mar. 8, 1989, Attorney Waldo's motion for leave to withdraw was granted.

[2]This case was assigned pursuant to sec. 7443A and Rule 180 et seq. All section references are to the Internal Revenue Code as amended and in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

must be dismissed for lack of jurisdiction to the extent the petition seeks redetermination of adjustments to the partnership return of Sente Investment Club Partnership of Utah (Sente) that are attributable to adjustments to the partnership returns of partnerships in which Sente held an interest, and (2) whether this Court should strike respondent's answer because it was allegedly not timely filed.[3]

## Factual Background

On March 30, 1987, respondent issued notices of final partnership administrative adjustment (FPAA's) determining adjustments to the 1983 and 1984 partnership returns of Sente. Petitioner's amended petition was served on respondent by the Court on October 5, 1988. Respondent filed his answer to the amended petition on November 30, 1988.

On its partnership returns for the years at issue, Sente reported items of loss, income, and credit from two partnerships in which it held limited partnership interests, Union Energy Drilling Fund 1983 (Drilling) and Sente Equipment Ltd. (Equipment).

Drilling filed a partnership return for its 1983 taxable year on which it reported an ordinary loss in the amount of $3,506,733. A Schedule K-1 identifying Sente as a partner of Drilling reflects Sente's distributive share of that loss as $2,432,166. On its 1984 partnership return, Drilling reported ordinary income of $37,000. A Schedule K-1 issued to Sente by Drilling for 1984 reported $36,640 as Sente's distributive share of that income.

Equipment filed a 1983 partnership return reporting an ordinary loss in the amount of $1,944,684. A Schedule K-1 identifying Sente as a partner of Equipment reflects Sente's distributive share of the loss as $1,925,237. Equipment's 1983 return also reported new recovery property eligible for investment credit as distributive share items of Sente. On its 1984 partnership return, Equipment reported an ordinary loss of $2,522,264. A Schedule K-1 issued to Sente reported $2,497,041 of the loss as the distributive share of Sente.

Sente filed a partnership return for its 1983 taxable year reporting items of loss and credit. On its 1983 return, Sente

---

[3]A prior procedural issue in this docket appears at T.C. Memo. 1988-376.

claimed flowthrough losses from the two partnerships in which it was a limited partner, Drilling and Equipment. Sente reported the following amounts on its 1983 and 1984 partnership returns:

*1983*

| | |
|---|---|
| Ordinary loss from Equipment K-1................ | ($1,925,237) |
| Ordinary loss from Drilling K-1................... | (2,432,166) |
| Other deductions ............................... | (158,717) |
| Ordinary loss reported to Sente partners .......... | (4,516,120) |

Sente also reported that its partners were entitled to an investment credit for the year 1983.

*1984*

| | |
|---|---|
| Gross receipts .................................... | $12,000 |
| Ordinary loss from Equipment K-1................ | (2,497,041) |
| Ordinary income from Drilling K-1................ | 36,640 |
| Other deductions ............................... | (12,000) |
| Ordinary loss reported to Sente partners .......... | (2,460,401) |

Respondent issued an FPAA dated March 23, 1987, with respect to Drilling's 1983 taxable year disallowing the $3,506,733 ordinary loss reported by Drilling. A petition for readjustment of partnership items was filed in the Tax Court at docket No. 29815-87 by Sente as a partner other than the tax matters partner contesting the proposed adjustments to Drilling's 1983 return. The Court subsequently granted respondent's motion to dismiss for lack of prosecution and entered an order of dismissal and decision in that case on January 4, 1990. No adjustments were proposed to Drilling's 1984 partnership return.

On March 30, 1987, respondent issued an FPAA with respect to the 1983 and 1984 partnership returns of Equipment on which all of the claimed ordinary losses and investment credit were disallowed. No petition for readjustment of partnership items was filed in response to the FPAA.

The FPAA issued to the tax matters partner of Sente disallowed all of the ordinary losses Sente reported on its 1983 and 1984 partnership returns and the investment credit claimed for 1983, even though most of these amounts were partnership items of Equipment and Drilling that had

been separately adjusted by respondent in FPAA's issued to those partnerships. The only item on the FPAA issued to Sente that did not flow from either Drilling or Equipment was $158,717 reported as "other deductions" for Sente's 1983 taxable year.

## DISCUSSION

1. *Respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike*

Respondent argues in his motion to dismiss for lack of jurisdiction that the only adjustment in the FPAA issued to Sente over which this Court has jurisdiction is the disallowance of the $158,717 of "other deductions" for the year 1983. This Court lacks jurisdiction over the flowthrough items from Drilling and Equipment, respondent contends, because the partnership items of Drilling and Equipment must be determined in separate unified partnership proceedings involving those partnerships. We agree.

A partnership item is:

any item required to be taken into account for the partnership's taxable year to the extent that the Secretary provides by regulations that "such item is more appropriately determined at the partnership level than at the partner level." Section 6231(a)(3). * * * [*N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 743 (1987).]

The regulations provide that the partnership aggregate and each partner's share of "Items of income, gain, loss, deduction or credit of the partnership" are more appropriately determined at the partnership level. Sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. Partnership losses or credits are items taken into account by Drilling and Equipment for their 1983 and 1984 partnership taxable years. Investment credits and partnership losses of Drilling and Equipment are thus partnership items of Drilling and Equipment. *Maxwell v. Commissioner*, 87 T.C. 783, 790 (1986).

Section 6221 provides that the tax treatment of any partnership item, with certain exceptions, is to be determined at the partnership level. In this regard, this Court has stated:

It is evident both from the statutory pattern and from the Conference report that Congress intended administrative and judicial resolution of disputes involving partnership items to be separate from and independent of disputes involving nonpartnership items. * * * The "partnership items" must be separated from the partner's personal case and considered solely in the partnership proceeding. See sec. 6226(a); sec. 6226(f). [*Maxwell v. Commissioner, supra* at 788.]

See also *Saso v. Commissioner,* 93 T.C. 730 (1989). The partnership items of Drilling and Equipment, including the credits and losses passed through to Sente, must therefore be determined in separate unified partnership proceedings relating to the respective partnerships.

The petition in this docket was filed in response to an FPAA issued to Sente, not Drilling or Equipment. Accordingly, the partnership items to be redetermined in this proceeding are the partnership items of Sente, not those of Drilling or Equipment. We are thus without jurisdiction in this case to redetermine adjustments to the partnership returns of Equipment and Drilling. *Maxwell v. Commissioner, supra* at 789.

Our analysis is further supported by section 6231(a)(9) and (10), which define "pass-thru partner" and "indirect partner," respectively, and section 6231(a)(6), dealing with computational adjustments. Section 6231(a)(9) defines "pass-thru partner" as—

a partnership * * * or other similar person through whom other persons hold an interest in the partnership with respect to which proceedings under this subchapter are conducted.

Section 6231(a)(10) defines an "indirect partner" as "a person holding an interest in a partnership through 1 or more pass-thru partners." Sente is thus a passthrough partner in Equipment and Drilling, and Sente's partners are indirect partners in Equipment and Drilling.

Any changes in the tax liability of a partner resulting from adjustments to the return of the partnership are reflected in a computational adjustment upon the completion of a partnership proceeding. Sec. 6231(a)(6); sec. 301.6231(a)(6)-1T(a), Temp. Proced. & Admin. Regs., 52 Fed. Reg. 6790, 6791 (Mar. 5, 1987); *N.C.F. Energy Partners v. Commissioner,* 89 T.C. 741, 744 (1987); *Maxwell v. Commissioner, supra.* Section 6231(a)(6) provides that—

The term "computational adjustment" means the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item. *All adjustments required to apply the results of a proceeding with respect to a partnership under this subchapter to an indirect partner shall be treated as computational adjustments.* [Emphasis added.]

Accordingly, any changes in the tax liability of Sente partners resulting from adjustments to the partnership returns of Equipment and Drilling are to be treated as computational adjustments.

Several provisions of the Code evidence the intent of Congress that adjustments to the return of a partnership (and the corresponding changes in the tax liability of its partners) as determined in a partnership proceeding or as redetermined by a court reviewing an FPAA be conclusive. Section 6223(h) requires a passthrough partner to forward notice of a partnership proceeding to indirect partners, and section 6223(c)(3) provides that the Commissioner will provide such notice to indirect partners if the partnership furnishes him with their names, addresses, and profits interests. Furthermore, we note that the normal deficiency procedures, with certain limited exceptions, do not apply to assessment and collection of a computational adjustment. Sec. 6230(a)(1). Thus, the notice provisions with respect to indirect partners are calculated to permit them an opportunity to participate in the only proceeding in which adjustments to the return of the partnership in which they hold an indirect interest may be contested.

To permit Sente partners to dispute adjustments to the partnership items of Drilling and Equipment in this proceeding would defeat the purpose of the statutory scheme enacted by Congress, since the unified partnership audit and litigation procedures provide for a single proceeding with respect to any one partnership.

The partners of Drilling were given an opportunity to dispute respondent's adjustment to the return of Drilling in the FPAA issued with respect to the partnership. In fact, a petition was filed with respect to the FPAA by Sente as a partner other than the tax matters partner of Equipment. We cannot explain why Sente failed to prosecute that case. Certainly Sente had an opportunity to prosecute if it had chosen to do so. No petition was filed on behalf of

Equipment in response to the FPAA issued with respect to it. Once again Sente had an opportunity to dispute the adjustments flowing from Equipment, but apparently decided not to do so. The purpose of this proceeding is to redetermine adjustments to the partnership items of Sente, not Drilling and Equipment. Respondent's motion to dismiss for lack of jurisdiction and to strike will be granted.

## 2. *Petitioner's Motion to Strike Answer*

Petitioner contends in his motion that respondent's answer was filed untimely in violation of Rule 36. Petitioner's amended petition was served on respondent on October 5, 1988. Rule 36 provides that respondent shall have 60 days from the date of service of the petition to file his answer. The 60th day from the date of service of the petition on respondent was Sunday, December 4, 1988, so that respondent had until Monday, December 5, 1988, to file his answer. Respondent's answer was filed November 30, 1988, and was thus timely. Petitioner's motion to strike answer will therefore be denied.

> *An order granting respondent's motion to dismiss for lack of jurisdiction will be issued.*
>
> *An order denying petitioner's motion to strike answer will be issued.*