JOHN P. JENKINS AND DEBRA R. LAPPIN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14383–93.          Filed April 6, 1994.

*John G. Brant*, for petitioners.
*David P. Monson*, for respondent.

## OPINION

GERBER, *Judge*: Petitioners notified respondent that they reported an item inconsistently from a partnership within the meaning of section 6222.[1] Respondent issued a notice of deficiency to petitioners and disallowed the allegedly inconsistent position. Petitioners filed a petition and then a motion to dismiss, contending[2] that the deficiency notice is invalid due to respondent's attempt to make a partnership adjustment to a partner without a prerequisite partnership level proceeding under sections 6221–6233. Normally, we are without jurisdiction to review partnership items in a partner level proceeding. *Sente Investment Club Partnership v. Commissioner*, 95 T.C. 243 (1990). Respondent counters that the adjustment disallowing petitioners' claimed position is not inconsistent and concerns an affected item within the meaning of section 6231 and, therefore, a preliminary partnership level proceeding was unnecessary. This is the first case in which we have considered respondent's alternatives after a notice of inconsistent treatment.

## *Background*

Debra R. Lappin (hereinafter petitioner) was a partner with the law firm of Mayer, Brown & Platt (MBP) from 1983 through 1988. Under MBP's group insurance plan, petitioner was an insured under a life insurance policy with a waiver of premiums provision in the event of disability. Petitioner's relationship with MBP terminated during December 1988 due to her total and permanent disability. Also during December 1988, MBP paid petitioner $75,000 in exchange for her agreement not to exercise her rights under the waiver of premium provision of her life insurance policy.

MBP, on its partnership return filed June 15, 1990, for the fiscal year ended November 30, 1989, reported the $75,000 as a guaranteed payment under section 707(c) and issued a Schedule K-1 to petitioner reflecting the payment. Petitioners, following the procedural provisions of section 6222(b), filed a Notice of Inconsistent Treatment (Form 8082) with

---

[1] Section references are to the Internal Revenue Code in effect for the period under consideration.

[2] Petitioners also contended that respondent made the adjustment in the wrong taxable year, but this is a factual matter which would be addressed only if petitioners are unsuccessful in their motion to dismiss.

their joint 1989 Federal income tax return treating the $75,000 as tax-exempt disability compensation under section 104(a)(3). The Form 8082 contained the following explanation: "Taxpayer received compensation for disability. Under code section 104(a)(3) the payments are not includible in the gross income of the taxpayer. Taxpayer paid premiums (as a general partner)."

Respondent examined petitioners' 1989 return and determined that the $75,000 was includable in petitioners' income and was not excludable as claimed by petitioners. Respondent used the following language to explain the determination: "The $75,000 received from Mayer, Brown & Platt was not reported on the 1989 income tax return. Accordingly, taxable income is increased $75,000."

During the Appeals portion of the administrative process, petitioners requested technical advice from respondent's counsel. A Technical Advice Memorandum (TAM) was issued containing opinions concerning whether the $75,000 was (1) a guaranteed payment under section 707(c); (2) a sale or exchange under section 1001; or (3) a lump-sum payment under section 104(a). The TAM contained negative conclusions regarding each of the three categories of inquiry, and expressly declined to render an opinion regarding the tax consequences under any other provision of the Internal Revenue Code. In the discussion portion of the TAM, however, the $75,000 payment was described as a section 707(a) payment (a transaction considered as occurring between a partnership and one who is not a partner).

## Discussion

The precept underlying the partnership audit and litigation provisions is that the tax treatment of any partnership item be determined at the partnership level. Sec. 6221. By enacting the partnership audit and litigation provisions, "Congress decided that no longer would a partner's tax liability be determined uniquely but 'the tax treatment of any partnership item [would] be determined at the partnership level.' Sec. 6221." *Maxwell v. Commissioner*, 87 T.C. 783, 787 (1986). The Code provides for division of controversies concerning partnership items from any controversies concerning nonpartnership items. *Id.*

A "partnership item" is defined in section 6231(a)(3) as:

any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

Generally, respondent is prohibited from assessing a deficiency regarding a partnership item without first attempting to adjust the item in a partnership level proceeding and issuing a notice of final partnership administrative adjustment (FPAA). Sec. 6225(a). Once the partnership level proceeding is complete, or if no partnership level proceeding is necessary, then a partner's individual income tax for the related tax period can be affected by the partnership item which was reported and/or adjusted at the partnership level. Our focus in this case is procedural and in response to petitioners' motion to dismiss this case on jurisdictional grounds. The parties have not developed the facts underlying the substantive merits concerning whether the $75,000 is subject to tax.

Petitioners, by notifying respondent that the $75,000 was inconsistently reported, attempted to trigger an exception to the partnership audit procedures under the provisions of section 6222 and underlying regulations. Section 301.6222(b)–2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6782 (Mar. 5, 1987), contains the requirements that

if a partner notifies * * * [respondent] of the inconsistent treatment of a partnership item in the manner prescribed in §301.6222(b)–1T, * * * [respondent] generally may not make an adjustment with respect to that partnership item unless * * * [respondent]—
    (1) Conducts a partnership-level proceeding, or
    (2) Notifies the partner under section 6231(b)(1)(A) that all partnership items arising from that partnership will be treated as nonpartnership items.

Petitioners contend and respondent agrees that respondent neither conducted a partnership level proceeding nor notified petitioners that all partnership items arising from the MBP partnership would be treated as nonpartnership items. Respondent counters that the notice of deficiency pertains to an "affected item", rather than a "partnership item", and that the requirements of section 301.6222(b)–2T, Temporary

Proced. & Admin. Regs., *supra*, are limited to partnership items and, therefore, do not apply.[3] Respondent points out that under section 6230(a)(2)(A)(i), a notice of deficiency may be issued to a partner with respect to affected items. Under section 6231(a)(5), an "affected item" is defined as "any item to the extent such item is affected by a partnership item." In other words, respondent contends that petitioners' position is not inconsistent with the partnership's reporting of a partnership item and the notice was properly issued.

Section 6230(a)(2)(A) authorizes respondent to issue a notice of deficiency for "affected items which require partner level determinations," or for "items which have become nonpartnership items". If the $75,000 item reported by petitioners is an affected item, not a partnership item, respondent was authorized to issue a notice of deficiency without following the requirements of section 301.6222(b)–2T, Temporary Proced. & Admin. Regs., *supra*. This is true even though petitioners filed a notice of inconsistent treatment. Therefore, we must first decide if the notice of deficiency pertains to an affected item.

There are two types of affected items: (1) Computational affected items, which follow from the result of a partnership level proceeding, and (2) affected items that may require factual development at the partner level. *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 744–745 (1987). In either instance, the affected items come into play after the underlying partnership item(s) is finally determined.

There is little question that a section 707(c) guaranteed payment should be categorized as a partnership item. As to whether the receipt of the guaranteed payment as a lump-

---

[3] Sec. 6222(a) requires that a partner treat a partnership item "in a manner which is consistent with the treatment of such partnership item on the partnership return." The provisions of sec. 6222(b) and sec. 301.6222(b)–2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6782 (Mar. 5, 1987), involving notification of inconsistent treatment, come into play only if the treatment of a partnership item is inconsistent.

Petitioners read sec. 301.6222(b)–2T, Temporary Proced. & Admin. Regs., *supra*, as limiting respondent to conducting a partnership-level proceeding or notifying them that all partnership items arising from that partnership will be treated as nonpartnership items because they filed a notice of inconsistent treatment. Respondent points out that petitioners read the temporary regulation too narrowly and that affected items are not covered by the temporary regulation. We agree with respondent. First, sec. 301.6222(b)–2T, Temporary Proced. & Admin. Regs., *supra*, contains the less restrictive language that respondent "generally may not make an adjustment with respect to that partnership item" unless either of the two conditions is met. That language anticipates possible exceptions even where the adjustment is being made to a partnership item. Furthermore, the regulations requirements do not apply to nonpartnership items.

sum payment under section 104(a) is an affected item, further inquiry is necessary. Obviously, the section 104(a) categorization by petitioners is not a computational affected item. If it is an affected item, it must be an item which requires a factual determination at the partner level.

It does not make a difference for purposes of our inquiry in this case whether, ultimately, the $75,000 payment could be classified as both a guaranteed payment within the meaning of section 707(c) and a lump-sum payment exempt from tax under section 104(a). Petitioners, in their notification to respondent, did not question the section 707(c) classification, but instead took the position that the $75,000 was exempt from tax. Section 707(c) provides that "payments to a partner for services or the use of capital shall be considered as made to one who is not a member of the partnership, but only for the purposes of section 61(a) * * * and, subject to section 263, for purposes of section 162(a)". Section 61(a) defines "gross income" as "all income from whatever source derived," "Except as otherwise provided in [subtitle A]". Because section 104(a) is within subtitle A, one could argue that an item could be both a guaranteed payment and excludable from income under section 104(a). Although sections 707(c) and 104(a)(3) may not readily mesh conceptually, two different entities, as here, could reasonably take the position that a payment falls within the ambit of both sections.[4] But that legal inquiry is not the focus of this procedural matter.

The section 104(a) classification, however, concerns whether the payment is exempted from tax due to a statutory relief provision relating to a taxpayer's receipt of compensation attributable to injury, sickness, or disability under certain enumerated circumstances. Ultimately, the question of the applicability of section 104(a) will center on whether the compensation was attributable to injury, sickness, or disability. That ultimate question is one which must be determined at the individual or partner level and would constitute an affected item within the meaning of the Code sections and regulations in question. It is an item more appropriately determined at the individual level, not the partner-

---

[4] See *Miller v. Commissioner*, 52 T.C. 752 (1969) (guaranteed payments were excludable from gross income under sec. 911). But see *Kampel v. Commissioner*, 72 T.C. 827 (1979), affd. 634 F.2d 708 (2d Cir. 1980) (for sec. 1348 purposes, guaranteed payments are part of the distributive share of partnership income).

ship level. The partnership reported the $75,000 as income to petitioner, who reported that the income was not taxable under section 104. Accordingly, the item is an affected item, and petitioners did not inconsistently report a partnership item.

Petitioners' focus upon the partnership's treatment of the item is superfluous because they did not address the partnership's treatment and because respondent is not questioning the treatment of the partnership item at the partnership level.[5] In this setting, respondent is subject to the regulatory requirements[6] only if respondent wishes to make an adjustment with respect to the inconsistent reporting of a partnership item. Sec. 301.6222(b)–2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6782 (Mar. 5, 1987). Respondent's determination in the deficiency notice is that, irrespective of the type or source of income, the $75,000 is not exempt from taxation. There is no need for respondent to first determine whether the $75,000 was more appropriately categorized under section 707(a) or 707(c), before determining whether section 104(a) is applicable.[7] Petitioner's section 104(a) treatment was not a partnership item, and petitioner did not question or disagree with MBP's section 707(c) treatment.

Petitioners have fashioned this conundrum by reporting that the $75,000 item was being inconsistently reported under section 6222.[8] When notified of an inconsistent posi-

---

[5] Petitioners argue that, because of the Technical Advice Memorandum, respondent is treating the payment as a sec. 707(a) payment instead of a sec. 707(c) guaranteed payment. We do not find that respondent is reclassifying the payment at the partnership level. Furthermore, the relevant inquiries occasioned by this procedural motion are whether the payment received by petitioners is an affected item and, if not, whether petitioners' reporting of the payment was inconsistent with that of the partnership.

[6] If the regulation was applicable, respondent would be required either to conduct a partnership level proceeding or to notify petitioner that all partnership items are to be treated as nonpartnership items.

[7] If, for example, petitioners had taken the position that the partnership should have reported the $75,000 under sec. 707(a) and that the amount would be taxable at capital gains rates, then respondent would have been subject to the requirements of sec. 301.6222(b)–2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6782 (Mar. 5, 1987). That is so because the sec. 707(a) determination is, in that instance, a partnership item and would be inconsistent with the partnership's treatment. See sec. 301.6231(a)(3)–1(c)(4), Proced. & Admin. Regs.

[8] Petitioners argue that their Form 8082 implies that they were treating the payment as a sec. 707(a) payment and not a sec. 707(c) guaranteed payment and, therefore, their position would be inconsistent. Petitioners, however, did not state in the explanation of the inconsistent treatment that they were treating the payment as one under sec. 707(a) or that they disagreed with the partnership's characterization of the payment under sec. 707(c). If the inconsistency is not expressly and/or clearly stated, we cannot expect respondent to investigate every possible inconsistency on a partner's return when a Form 8082 is filed. See sec. 301.6222(b)–2T(b), Temporary Proced. & Admin. Regs., *supra*. If we were required to decide whether petitioners' posi-

tion, respondent is prevented from assessing any tax attributable to an otherwise taxable item reported by the partnership. Respondent, in this setting, may accept the partnership's characterization of the item and only question the position of a partner, without the superfluous step of conducting a partnership proceeding as suggested by petitioners. The purpose of section 6222 is to permit a partner to disagree with a partnership item or to take a position where no partnership return has been filed. In this case, petitioners have done neither.

Petitioners also attempt to make their point by means of a "back-door approach". They argue that respondent did not charge them with self-employment tax in connection with the $75,000 disallowance of exempt treatment under section 104(a). The absence of self-employment tax, according to petitioners, indicates that respondent determined in the notice that the $75,000 payment was a section 707(a), rather than a section 707(c), payment at the partnership level, as discussed in the TAM. We are unable to attribute any significance to respondent's failure to charge petitioners with self-employment tax, even if an argument could be made that self-employment tax would, as a matter of course, always be associated with a section 707(c) payment and never be associated with a section 707(a) payment.[9] In any event, respondent's explanation of the adjustment to petitioners' income tax return is not ambiguous and addresses only the question of whether the $75,000 was exempt under section 104.

Accordingly, we find that petitioners did not treat a partnership item inconsistently with the partnership's reporting of that item and, therefore, respondent was not bound to follow the provisions of section 6222 and the underlying regulations. Respondent was authorized to issue a notice of defi-

---

tion could conceivably be inconsistent with the partnership's, we would have to engage in a circuitous substantive analysis in which the procedural question could only be blurred.

[9] We are not prone to infer unexpressed determinations of respondent from other adjustments because of the significance attributable to the notice of deficiency and respondent's determination. Among other attributes, the notice of deficiency is integrally linked to our statutory jurisdiction and carries a presumption of correctness favoring respondent which petitioners bear the burden to rebut.

558

ciency to petitioners regarding the reporting of an affected item. Petitioners' motion to dismiss will be denied.

*An appropriate order will be issued.*

