T.C. Memo. 2002-64

UNITED STATES TAX COURT

BARRY GUSTIN AND CAROLINA GUSTIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5192-01.                    Filed March 7, 2002.

R disallowed certain losses claimed by Ps from
various partnerships in tax years 1997, 1998, and 1999.
R determined that P-H's basis in each of the
partnerships was limited to P-H's cash contributions,
which did not include P-H's contributions of
subscription notes.  R applied sec. 704(d), I.R.C., and
disallowed losses which exceeded P-H's adjusted bases
in the partnerships.

The partnerships involved are subject to the
unified partnership procedures contained in secs. 6221-
6234, I.R.C.  R has begun a partnership-level
examination of two partnerships for which Ps claimed
losses in 1998 and 1999.  However, R did not initiate a
partnership-level examination of the partnership for
which Ps claimed a loss in 1997.  The normal period of
limitations for making partnership-level adjustments
regarding 1997 expired, and R agrees that he is bound
by the partnership's treatment of partnership items.

Ps filed a motion to dismiss for lack of jurisdiction. Ps argue that a notice of deficiency which adjusts items affected by partnership items is invalid if it is issued before the completion of partnership-level proceedings. R concedes that we lack jurisdiction over the 1998 and 1999 taxable years. See Maxwell v. Commissioner, 87 T.C. 783 (1986).

Held: The Tax Court has jurisdiction to redetermine the deficiency for 1997. Partnership-level proceedings were not initiated, a notice of final partnership administrative adjustment was not issued by R, and the 3-year period of limitations for assessment under sec. 6229(a), I.R.C., expired. R acknowledges that he cannot pursue a deficiency based on partnership-level adjustments for tax year 1997. As a result, the parties must accept the partnership-level treatment of partnership items. Roberts v. Commissioner, 94 T.C. 853 (1990). However, P-H's basis in the partnership, while affected by partnership items, is not itself a partnership item. See Dial USA, Inc. v. Commissioner, 95 T.C. 1 (1990).

Donald L. Feurzeig, for petitioners.

G. Michelle Ferreira, for respondent.

MEMORANDUM OPINION

RUWE, Judge: The matter before the Court is petitioners' motion to dismiss for lack of jurisdiction under Rule 53.[1] Respondent determined deficiencies with respect to petitioners' Federal income taxes for 1997, 1998, and 1999. Those deficiencies were based on respondent's determination that

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code applicable to the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

petitioners' deductions of partnership losses were limited to petitioners' bases in the partnerships.  On the basis of our opinion in Maxwell v. Commissioner, 87 T.C. 783 (1986), respondent concedes that we lack jurisdiction over petitioners' 1998 and 1999 tax years because ongoing partnership-level proceedings, see secs. 6221-6234, have not been completed with respect to partnerships that gave rise to deficiencies for those years.  The issue remaining for decision is whether we have jurisdiction to redetermine a deficiency for petitioners' 1997 tax year.  Petitioners resided in Berkeley, California, at the time they filed their petition.

In 1997, Mr. Gustin invested in a partnership called Annona Venture (Annona).  He made a cash contribution of $50,000 and also contributed a recourse subscription note of $157,800.  Mr. Gustin was a general partner in Annona.

The 1997 partnership return filed by Annona included a Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., which reported items relating to Mr. Gustin.  Line F of the Schedule K-1 entitled "Partner's share of liabilities" contains no entry.  Line J entitled "Analysis of partner's capital account" shows "Capital contributed during year" by Mr. Gustin of $193,800.  The Schedule K-1 shows Mr. Gustin's share of losses as $189,138.  Petitioners deducted that amount on their Form 1040, U.S. Individual Income Tax Return, for 1997.

On March 1, 2001, respondent issued a notice of deficiency to petitioners for their 1997 tax year. Respondent determined that Mr. Gustin's adjusted basis in Annona was $36,000 and disallowed loss deductions from Annona that were claimed on petitioners' Form 1040 to the extent those deductions exceeded $36,000. See sec. 704(d). The section 6229(a) period of limitations for making adjustments to Annona partnership items expired on April 15, 2001, after the notice of deficiency was issued. Petitioners filed their petition on April 19, 2001.

Annona was subject to the unified partnership procedures of sections 6221-6234, but respondent did not conduct a partnership-level examination of Annona's 1997 partnership return. Respondent acknowledges that a notice of final partnership administrative adjustment (FPAA) will not be issued for Annona and that there will be no adjustments to any partnership items of Annona for 1997.

The unified partnership procedures were added to the Code as part of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 401(a), 96 Stat. 648.[2] Under those procedures, the tax treatment of items of partnership income, loss, deductions, and credits is determined in partnership-level proceedings rather than in separate proceedings involving the

---

[2]The unified partnership procedures have been amended since their effective date of Sept. 3, 1982, and those procedures are now contained in secs. 6221 through 6234.

partners. Sec. 6221; H. Conf. Rept. 97-760, at 599 (1982), 1982-2 C.B. 600, 662.[3] Under section 6223(a), the Secretary shall mail to each partner notice of the beginning of an administrative proceeding at the partnership level, as well as an FPAA resulting from any such proceeding. A tax matters partner may, within 90 days after the date the FPAA is mailed, file a petition for the readjustment of partnership items with the Tax Court, a District Court, or the Claims Court. Sec. 6226(a). If a petition is filed, the court has jurisdiction over all partnership items for the year to which the FPAA relates, as well as the proper allocation of those items among the partners. Sec. 6226(f).

Petitioners argue that we lack jurisdiction over the deficiency in this case, because an FPAA has not been issued and a partnership-level proceeding has not been completed for Annona's 1997 tax year. Petitioners claim that the notice of deficiency is invalid and that we cannot review, as part of our normal deficiency procedures, adjustments respondent made to Mr. Gustin's basis in Annona nor respondent's disallowance of losses

---

[3]See Roberts v. Commissioner, 94 T.C. 853, 859-860 (1990):

> The purpose behind the enactment of section 6221 et seq. was to have one proceeding to determine all of the partnerships items with respect to a partnership. All of the partners would be eligible participants in such a proceeding, and the results of that proceeding would then be automatically applied to each of the partner's returns without the necessity of further deficiency procedures.

under section 704(d).  Respondent argues that a partnership-level proceeding was not required to determine Mr. Gustin's basis and to apply the loss limitations.  Respondent states that he does not intend to issue an FPAA, that he can no longer make adjustments to partnership items for Annona's 1997 tax year, that he accepts the partnership's treatment of partnership items, and that partnership-level proceedings are completed when he accepts the partnership's treatment of partnership items without adjustment.

The instant case is similar to Roberts v. Commissioner, 94 T.C. 853 (1990).  In Roberts, the Commissioner did not commence a partnership-level examination, did not issue an FPAA, and did not otherwise seek to adjust the partnership items reported on the partnerships' returns.  The notice of deficiency was issued on April 9, 1987, disallowing partnership losses claimed by the taxpayers because of alleged stop-loss agreements with third parties.  See sec. 465(b)(4).  On April 15, 1987, the period of limitations for assessing a tax attributable to any partnership item under section 6229(a) expired.  On July 6, 1987, the taxpayers filed their petition and then filed a motion to dismiss for lack of jurisdiction.

In Roberts v. Commissioner, supra at 861-862, we held that side agreements for purposes of the section 465 at-risk

provisions were not partnership items[4] but were affected items.[5] We observed that determination of affected items must await "the outcome of the partnership proceeding" but held that we had jurisdiction in that case, stating:

> However, the "outcome of the partnership proceeding" may be acceptance of the partnership return as filed as a result of the fact that there was no partnership proceeding and there can no longer be a partnership proceeding under the normal statute of limitations.  We do not read section 6230(a)(2)(A)(i) to mean that a partnership proceeding must be opened and closed in order for there to be a determination with regard to an affected item.  We also find no requirement in the statute or regulations that prohibits affected items from being considered in a proceeding involving a personal tax case, providing subject matter jurisdiction exists.  [Id. at 860-861.]

Petitioners direct us to our more recent opinion in Katz v. Commissioner, 116 T.C. 5, 8-9 (2001), in which we stated:

---

[4]See sec. 6231(a)(3), which provides:

> SEC. 6231(a).  Definitions.--For purposes of this subchapter--

> *    *    *    *    *    *    *

> (3) Partnership item.--The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

[5]See sec. 6231(a)(5), which provides:  "The term 'affected item' means any item to the extent such item is affected by a partnership item."

> a notice of deficiency issued prior to the completion of the partnership-level proceeding is invalid to the extent it relates to a partnership item or an affected item.
>
> No FPAA was issued by respondent and no partnership-level proceedings have been commenced regarding the prepetition partnership losses in the present case. Accordingly, if the NOL carryovers at issue constitute affected items as petitioners contend, we must grant the motion to dismiss on the basis that the notice of deficiency is invalid as it relates to those items. * * * [Citation omitted.]

The language cited by petitioners was unnecessary for the disposition of that case and should be viewed in its context. In Katz v. Commissioner, supra at 10, we stated the issue as follows:

> whether the manner in which partnership items are allocated between a partner in bankruptcy and the partner's bankruptcy estate is a determination which, pursuant to the TEFRA procedures, must be made at the partnership level. We therefore shall determine our jurisdiction based on the resolution of this latter issue.

We held:

> The manner in which the distributive share of a partner in bankruptcy is allocated between the partner and the bankruptcy estate is not a "partnership item" under sec. 6231(a)(3), I.R.C. Accordingly, such allocation need not be resolved in a partnership-level proceeding pursuant to the uniform audit and litigation procedures of secs. 6221-6234, I.R.C. * * * [Id. at 5.]

Our holding in Katz did not depend on the status of the NOL carryover as an "affected item", and we did not make a determination that the NOL carryovers were not affected items. However, since the Commissioner was not challenging the

allocation of partnership-level losses among partners, i.e., a partnership item, but was instead challenging the suballocation of that item between a partner and his bankruptcy estate, i.e., an affected item, it follows that we exercised jurisdiction to redetermine a deficiency attributable to an affected item, even though an FPAA had not been issued and partnership-level proceedings were not initiated.  Therefore, the jurisdictional holding in Katz supports rather than contradicts the position taken by this Court in Roberts v. Commissioner, supra.

In GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 528 (2000), we granted the taxpayer's motion to dismiss for lack of jurisdiction.  We concluded that a notice of deficiency is invalid where it is based on affected items and is issued before the completion of the related partnership-level proceedings.  In that case, an FPAA was issued which proposed partnership adjustments, and a partnership-level proceeding had been initiated and was pending in the Tax Court.  A notice of deficiency was issued on the same date as the FPAA, see Rhone-Poulenc Surfactants v. Commissioner, 114 T.C. 533, 536 (2000), and before the partnership-level proceedings were completed.

In the instant case, an FPAA was not issued and partnership-level proceedings were not initiated. Respondent has not proposed any adjustments to partnership items and agrees that he is bound by the partnership's determinations of partnership items. Under those circumstances, the outcome at the partnership level is acceptance of the partnership's treatment of its partnership items, and a notice of deficiency regarding affected items can be the basis for our jurisdiction. See Roberts v. Commissioner, 94 T.C. 853 (1990).

The seminal case in this area is Maxwell v. Commissioner, 87 T.C. 783 (1986). In Maxwell, the potential for a duplication of procedures prompted this Court to limit our jurisdiction over the deficiencies relating to affected items: "Affected items depend on partnership level determinations, cannot be tried as part of the personal tax case, and must await the outcome of the partnership proceeding." Id. at 792. We have previously considered this language and have appropriately declined to afford it an interpretation that is broader than what was required for the disposition of the jurisdictional issue in that case:

> Petitioners rely on our statement in Maxwell that "Affected items depend on partnership level determinations, [and] cannot be tried as part of the personal tax case, and must await the outcome of a partnership proceeding." Maxwell v. Commissioner, supra at 792. Petitioners have taken that statement out of context. In Maxwell, respondent had determined deficiencies and additions to tax by disallowing

certain claimed partnership losses. At the time of the issuance of the notice of deficiency, however, a partnership proceeding had been commenced, but no FPAA had as yet been issued. Under those circumstances, the additions to tax were affected items and had to await the outcome of the partnership proceeding. They could not be determined as part of the personal income tax case. [Roberts v. Commissioner, supra at 860.]

Thus, Maxwell is distinguishable from this case because here there are no partnership-level proceedings underway, and respondent has accepted the partnership's treatment of partnership items.

In Jenkins v. Commissioner, 102 T.C. 550, 553 (1994), we stated:

Generally, respondent is prohibited from assessing a deficiency regarding a partnership item without first attempting to adjust the item in a partnership level proceeding and issuing a notice of final partnership administrative adjustment (FPAA). Sec. 6225(a). Once the partnership level proceeding is complete, or if no partnership level proceeding is necessary, then a partner's individual income tax for the related tax period can be affected by the partnership item which was reported and/or adjusted at the partnership level. * * * [Emphasis added.]

We decided that partnership-level proceedings were not required because the Commissioner was "not questioning the treatment of the partnership item at the partnership level", and because the deficiency related to an affected item reported on the taxpayers' return which is within the subject matter jurisdiction of this Court in a partner's deficiency proceeding. Id. at 556. We also observed: "Respondent * * * may accept the partnership's characterization of the item and only question the position of a

partner, without the superfluous step of conducting a partnership proceeding". Id. at 557.

A partner's basis in his partnership interest is an affected item. Sec. 301.6231(a)(5)-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). Our normal deficiency procedures apply to "any deficiency attributable to * * * affected items which require partner level determinations". Sec. 6230(a)(2)(A)(i). Since a partner's basis in a partnership interest may require determinations at the partner level, deficiencies attributable to adjustments to basis must be made at the partner level. See Dial USA, Inc. v. Commissioner, 95 T.C. 1, 5-6 (1990).

In the notice of deficiency, respondent determined: "Since your distributive share of the partnership loss is limited to the extent of your adjusted basis, we have disallowed the amount in excess of your basis [$36,000], as shown." Respondent's determination is based on an adjustment to Mr. Gustin's basis in his partnership interest, an affected item. Mr. Gustin's partnership loss is affected by partnership items; however, basis is not itself a partnership item and can be the appropriate subject of deficiency proceedings.

In this case, respondent acknowledges that he cannot make an adjustment to a partnership item, and he accepts the partnership return as filed. The treatment of partnership items on Annona's

1997 partnership return is final and binding on both respondent and petitioners.  However, that does not present itself as a jurisdictional issue where, as here, the only adjustments stated are to affected items.[6]

We hold that the notice of deficiency based on affected items is valid where an administrative partnership-level proceeding has not been initiated and respondent is bound by the partnership's treatment of partnership items.  We hold that we have jurisdiction to redetermine the deficiency for petitioners' 1997 tax year.

An appropriate order

will be issued.

---

[6]Petitioners contend that the determination of basis will require an examination of Annona's books and records and that this involves a determination of partnership items, which requires partnership-level proceedings.  We rejected the same argument in Roberts v. Commissioner, 94 T.C. at 862, stating:

Nothing in the TEFRA partnership provisions indicates that we cannot analyze documents and records at the partnership level in a deficiency proceeding.  We lack jurisdiction only to redetermine partnership items that the partnership was required to take into account at the partnership level.  Sec. 6231(a)(3).  In the absence of a partnership proceeding, those matters are considered final at the partnership level. * * * [Emphasis added; fn. ref. omitted.]